# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| MANDON FOLEY, | No. 55534-4-II |
| Appellant, | |
| v. | |
| LERIN FOLEY and ALL OTHER OCCUPANTS, | UNPUBLISHED OPINION |
| Respondent. | |

GLASGOW, A.C.J.—Mandon Foley sued his brother, Lerin Foley,[1] for unlawful detainer and sought a writ of restitution to evict Lerin from property he was renting. A commissioner ordered the parties to participate in Pierce County's then-voluntary Eviction Resolution Program. Mandon instead filed an amended complaint and sought another writ of restitution. A second commissioner denied the writ based on Mandon's failure to comply with the previous order. Mandon moved to revise the commissioner's ruling. A superior court judge denied the motion.

Mandon appeals, arguing the Eviction Resolution Program was voluntary until the expiration of Washington State's eviction moratorium and he could not be ordered to participate in the program until it became mandatory. Mandon did not seek to accelerate his appeal. Washington's eviction moratorium expired on June 30, 2021. The Eviction Resolution Program is now mandatory, and Mandon must now participate. We dismiss Mandon's appeal as moot.

---

[1] For clarity, we refer to the parties by their first names.

No. 55534-4-II

FACTS

In response to the mass loss of income caused by the COVID-19 pandemic, Pierce County Superior Court issued several emergency orders and authorized the Eviction Resolution Program "to divert residential unlawful detainer cases" from the overburdened court system through "alternative dispute resolution processes." Clerk's Papers (CP) at 67.[2] Emergency Order 20-19, issued October 7, 2020, "specifically mandate[d] use of the [Eviction Resolution Program] *after* expiration of any state and/or local eviction moratorium." CP at 68. The program was voluntary until the eviction moratoria expired.

The superior court's Emergency Order 20-19 initially had an expiration date of December 31, 2020—it was later amended to remove that expiration date.[3] The court's Third Amended Emergency Order 20-19 continues to be in effect until June 30, 2023. *See* Third Am. Emergency Order 20-19, at 5 (stating that it will have effect from August 16, 2021 to June 30, 2023).

Mandon sued Lerin for unlawful detainer of a property in Tacoma, filing his complaint October 12, 2020. In his answer to the complaint, Lerin pointed out that the parties had not engaged in the Eviction Resolution Program.

Mandon filed a motion for an order to show cause on why a writ of restitution should not be issued. At a hearing on October 23, 2020, Commissioner Kevin M. Boyle declined to rule on

[2] Emergency Order 20-19, *In Response by Pierce County Superior Court to the Public Health Emergency in Washington State* (Pierce County Super. Ct., Wash. Oct. 7, 2020), https://www.piercecountywa.gov/content/publicUpload/COVID19_Pierce/Pierce%20Superior%20Court%20Emergency%20Order%2019.pdf (Emergency Order 20-19).
[3] Third Am. Emergency Order 20-19, *In Response by Pierce County Superior Court to the Public Health Emergency in Washington State* (Pierce County Super. Ct., Wash. Aug. 20, 2021), https://www.piercecountywa.gov/DocumentCenter/View/107430/Emergency-Order-20-19-THIRD-AMENDED?BIDiD= (Third Am. Emergency Order 20-19).

2

the motion for a writ of restitution and ordered the parties to participate in the Eviction Resolution Program. Mandon then filed an amended complaint on November 10, 2020, adding an argument that his unlawful detainer action was in compliance with Emergency Order 20-19 because Washington State's eviction moratorium was still in effect and, therefore, participation in the Eviction Resolution Program was not yet mandatory. He then filed another motion for an order to show cause seeking a writ of restitution.

In his answer to the amended complaint, Lerin again raised that the parties had not participated in the Eviction Resolution Program. At a hearing on November 24, 2020, Commissioner Daniel N. Cook denied the motion for restitution due to Mandon's lack of compliance with the October 23, 2020 order. Mandon moved to revise the November 24, 2020 order. After consideration of the pleadings, Judge Sabrina Ahrens denied the motion for revision and awarded attorney fees to Lerin.

Mandon appeals and requests attorney fees on appeal.

Washington State's eviction moratorium expired June 30, 2021.[4] *See* Proclamation No. 20-19.6. Landlords in Pierce County seeking eviction for nonpayment of rent must now "**strictly comply**" with the Eviction Resolution Program and tenants "must participate" in the program. Third Am. Emergency Order 20-19, at 5.

## ANALYSIS

Lerin argues that Mandon's appeal is moot because the eviction moratorium has expired and participation in the Eviction Resolution Program is now mandatory. Indeed, Mandon's sole

---

[4] Proclamation by Governor Jay Inslee, No. 20-19.6 (Wash. Mar. 18, 2021), https://perma.cc/X9AS-5MTR.

argument on appeal is that this court should declare that the Eviction Resolution Program is voluntary until the expiration of all relevant eviction moratoria and that, therefore, the trial court cannot order his participation in the program. He asks us to remand to the trial court for further proceedings on the writ of restitution.

Mandon never sought to accelerate this appeal and he did not file a reply brief after Lerin raised the mootness issue. The Eviction Resolution Program is no longer voluntary given that the statewide eviction moratorium expired June 30, 2021. Proclamation 20-19.6. Participation in the Eviction Resolution Program is now mandatory. Third Am. Emergency Order 20-19, at 4-5.

"A case is moot when it involves only abstract propositions or questions, the substantial questions in the trial court no longer exist, or a court can no longer provide effective relief." *Spokane Research & Def. Fund v. City of Spokane*, 155 Wn.2d 89, 99, 117 P.3d 1117 (2005). "However, if a case presents an issue of continuing and substantial public interest and that issue will likely reoccur, we may still reach a determination on the merits to provide guidance to lower courts." *State v. Ross*, 152 Wn.2d 220, 228, 95 P.3d 1225 (2004).

Because Washington State's eviction moratorium has expired, the Eviction Resolution Program is now mandatory, so we cannot provide Mandon the relief he seeks, specifically, reversal of the orders requiring him to participate in the program. Moreover, this is not an issue of continuing and substantial public interest, because even if another eviction moratorium becomes necessary, Mandon has not shown that revival of the moratorium will also result in the Pierce County Superior Court reverting to voluntary participation in the Eviction Resolution Program.

We conclude that Mandon's appeal is moot.

No. 55534-4-II

ATTORNEY FEES

Mandon seeks attorney fees based on PCLR 7(a)(12)(D), which applies to trial courts considering a motion for revision, and the lease agreement between the parties, which Mandon acknowledges is not in our record. This court may award attorney fees on appeal if an applicable law allows, RAP 18.1(a), but Mandon has not shown that any applicable law entitled him to attorney fees, especially where he has not prevailed. We deny Mandon's request for attorney fees on appeal.

CONCLUSION

We dismiss the appeal as moot and deny the request for attorney fees on appeal.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, A.C.J.

We concur:

Veljacic, J.

Price, J.